EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (*"Settlement Agreement"*) is entered into between plaintiffs Daniel Cox, Joseph Lynch, and Nicole Hall (collectively, *"Plaintiffs"*), individually and in their representative capacity on behalf of the Class, and defendants Provide Commerce, Inc. (*"Provide Commerce"*) and Clarus Marketing Group, LLC (*"CMG"*) (Provide Commerce and CMG collectively, *"Defendants"*) (Plaintiffs and Defendants collectively, *"Parties,"* or singularly, *"Party"*).

## RECITALS

**A.** On February 16, 2011, plaintiff Daniel Cox and then-plaintiff Bradley Berentson commenced a civil action in the United States District Court for the Northern District of California entitled *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-0729-DMR. On March 24, 2011, the case was reassigned to the Honorable Saundra Brown Armstrong.

**B.** On March 29, 2011, then-plaintiffs Mark McKnight and James Wilson filed a civil action in the United States District Court for the Northern District of California entitled *Mark McKnight, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-1501-MEJ. On April 8, 2011, the case was reassigned to the Honorable Saundra Brown Armstrong.

**C.** On April 8, 2011, plaintiff Nicole Hall filed a civil action in the United States District Court for the Northern District of California entitled *Nicole Hall v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-1757-LB. On May 2, 2011, the case was reassigned to the Honorable Saundra Brown Armstrong.

**D.** On April 20, 2011, plaintiff Hall and then-plaintiffs McKnight and Wilson filed a motion to consolidate the *Cox*, *McKnight*, and *Hall* actions.

**E.** On April 29, 2011, plaintiff Joseph Lynch filed a civil action in the United States District Court for the Southern District of California entitled *Joseph M. Lynch v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-0913-BEN (RBB).

**F.** On May 4, 2011, plaintiff Lynch filed a notice of voluntary dismissal.

**G.** On May 19, 2011, plaintiff Cox filed an amended complaint in the *Cox* action. The amended complaint added a new plaintiff (Joseph Lynch) and dropped then-plaintiff Berentson.

**H.** On November 2, 2011, then-plaintiff Wilson filed a request for voluntary dismissal as to himself in the *McKnight* action.

**I.** On November 11, 2011, then-plaintiff McKnight filed a notice of voluntary dismissal of the *McKnight* action.

**J.** On November 11, 2011, plaintiff Hall filed a notice of voluntary dismissal of the *Hall* action.

**K.** On November 14, 2011, plaintiffs Cox and Lynch filed a notice of voluntary dismissal of the *Cox* action.

**L.**     On November 18, 2011, plaintiffs Cox, Hall, and Lynch filed an action in the United States District Court for the Southern District of California entitled *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-L (RBB) (*"Action"*).  Plaintiffs assert their claims in their individual capacity and their capacity as representatives of a class of similarly situated persons.  Based on the alleged circumstances surrounding their enrollment in FreeShipping.com's Insider's Club, Plaintiffs assert a total of twelve claims against CMG and Provide Commerce: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (against CMG only); (2) violation of the Electronic Funds Transfer Act ("EFTA") (against CMG only); (3) declaratory relief (against CMG only); (4) conversion; (5) negligence; (6) invasion of the right to privacy under the California Constitution; (7) invasion of privacy; (8) violations of the Consumers Legal Remedies Act ("CLRA"); (9) violations of the Unfair Competition Law ("UCL"); (10) violations of UCL resulting from alleged violation of the Restore Online Shoppers Confidence Act; (11) violations of the Connecticut Unfair Trade Practices Act (against CMG only); and (12) violations of Michigan Compiled Laws § 600.2919a.

**M.**     On January 20, 2012, the Action was reassigned to the Honorable Marilyn L. Huff, with the case number updated to 11-cv-2711-H (RBB) to reflect reassignment.

**N.**     On April 10, 2012, the Parties participated in a full-day private mediation session before Judge Edward Infante (Ret.).  At the conclusion of the mediation, the Parties reached an agreement on the high-level terms of a settlement, conditioned on the Parties negotiating and executing a complete written agreement, which in turn is subject to court approval.

**O.**     On May 25, 2012, Provide Commerce and CMG answered the complaint.  The answers generally and specifically denied the complaint's allegations and raised several separate and additional defenses.

**P.**     The Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Action.  Based on these investigations, Plaintiffs believe the Action has merit, and Defendants believe the Action has no merit.  The Parties have also each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either Plaintiffs or Defendants.

**Q.**     Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action that Plaintiffs asserted or that could have been asserted in the Action.

## AGREEMENT

**1.     DEFINITIONS.**  The following section defines terms that are not defined above.  Some definitions use terms that are defined later in this section:

**1.1**     The terms *"20% Off Code"* or *"20% Off Codes"* mean a single transferable code valid only for 20% off a merchandise order placed on-line at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com that Provide Commerce agrees to

provide each Class Member who is not a Subclass Member. The 20% Off Code is subject to certain terms, which are set forth in Section 2.1 of this Settlement Agreement.

1.2     The terms *"$15 Credit"* or *"$15 Credits"* mean a single transferable $15 credit valid only for $15 off a merchandise order placed online at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com that Provide Commerce agrees to provide to each Subclass Member who is not an Authorized Claimant for a Settlement Payment from the Settlement Fund. The $15 Credit is subject to certain terms, which are set forth in Section 2.3 of this Settlement Agreement.

1.3     The terms *"Authorized Claimant"* or *"Authorized Claimants"* mean any Subclass Member who is eligible for and validly and timely submits a Claim Form to receive a Settlement Payment according to the terms of this Settlement Agreement.

1.4     The terms *"Claim Form"* or *"Claim Forms"* mean the form eligible Subclass Members must complete and timely submit to receive a Settlement Payment under this Settlement Agreement. The Claim Form submitted to the Court for approval must be in the form attached as **Exhibit D**.

1.5     The term *"Claimant"* means any Subclass Member who submits a Claim Form for a Settlement Payment under this Settlement Agreement.

1.6     The term *"Claims Administrator"* means The Garden City Group, Inc. (and any successors to that entity) that Defendants retain to administer the Settlement process provided for in the Settlement Agreement, which includes, but is not limited to: (i) preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this Action; (ii) communicating with and responding to Class Members; (iii) computing Settlement Payments to Authorized Claimants; (iv) establishing or maintaining an account for the Settlement Fund; and (v) distributing payments out of the Settlement Fund.

1.7     The terms *"Class Counsel"* or *"Plaintiffs' Counsel"* mean the law firms of Patterson Law Group, APC, Baron & Budd, P.C., Faruqi & Faruqi, LLP, and Bursor & Fisher, P.A.

1.8     The terms *"Class*,*" "Class Member*,*"* and *"Class Members"* mean: "All persons who, between February 16, 2007 and the date of entry of the Preliminary Approval Order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com."

1.9     The terms *"Subclass*,*" "Subclass Member*,*"* and *"Subclass Members"* mean: "All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll."

1.10     The term *"Court"* means the United States District Court for the Southern District of California.

**1.11**    The term **_"Fairness Hearing"_** means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

**1.12**    The term **_"Final Order and Judgment"_** means a proposed order and judgment approving the Settlement of this Action.  The order submitted to the Court shall be in the form attached as **Exhibit E**.

**1.13**    The term **_"Final Settlement Date"_** means the date in which either of the following events has occurred: (a) if no appeal or request for review is filed or made, thirty-one (31) days after Defendants receive ECF notice from Plaintiffs or the Court that the Court entered the Final Approval Order and Judgment, or (b) if any appeal or request for review is filed or made, fourteen (14) days after the date on which Plaintiffs file and Defendants receive ECF notice that a court entered an order affirming the Final Approval Order and Judgment or denied review after either the exhaustion of all appeals or the time for seeking all appeals has expired.

**1.14**    The term **_"Full Notice"_** means the legal notice of the proposed Settlement terms, as approved by Class Counsel, Defendants' Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.  The Full Notice submitted to the Court for approval shall be in the form attached as **Exhibit B.**

**1.15**    The term **_"Internet Posting"_** means a website set up by the Claims Administrator for the proposed Settlement for the purposes of, among other things, providing the Class with the Full Notice of the Settlement, receiving email addresses from those Class Members receiving Summary Notice by U.S. mail in the event of email undeliverability, receiving Claim Forms submitted by Claimants, and making the Full Notice and Claim Form available for downloading.

**1.16**    The term **_"FreeShipping.com"_** means the subscription service known as FreeShipping.com's Insider's Club or FreeShipping.com.

**1.17**    The term **_"Named Plaintiffs"_** means Plaintiffs in their individual capacities.

**1.18**    The term **_"Preliminary Approval and Provisional Class Certification Order"_** or **_"Preliminary Approval Order"_** means a proposed order preliminarily approving the Settlement of this Action and provisionally certifying the Class and the Subclass.  This order must be submitted to the Court in the form attached as **Exhibit A**.

**1.19**    The term **_"Defendants' Counsel"_** means the law firm of Cooley LLP.

**1.20**    The term **_"Settlement"_** means the settlement of this Action and related claims.

**1.21**    The term **_"Settlement Fund"_** means the $500,000 Defendants have agreed to pay to establish a fund as described in Section 2.2 of this Settlement Agreement.

**1.22**    The term **_"Settlement Payment"_** or **_"Settlement Payments"_** means a payment to a Subclass Member that is an Authorized Claimant or payments to Subclass Members that are Authorized Claimants from the Settlement Fund as described in Section 2.2(a) of this Settlement Agreement.

**1.23** The term *"Summary Notice"* means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Defendants' Counsel, and the Court, which is to be provided to Class Members under Section 3.3 of this Settlement Agreement by email or U.S. mail in the event of email undeliverability. The Summary Notice submitted to the Court for approval shall be in the form attached as **Exhibit C.**

**2.**    **SETTLEMENT TERMS**

**2.1**    **20% Off Code.** Provide Commerce agrees to provide each Class Member who is not a Subclass Member with one 20% Off Code. The 20% Off Code shall be fully transferable and shall be valid only for an online merchandise order at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com. The 20% Off Code will be distributed to all eligible Class Members by email (the email address to which Direct Email Notice was sent for all deliverable Direct Email Notices or if undeliverable, and Direct Mail Notice is provided, the email address the eligible Class Member provides to the Claims Administrator). The 20% Off Code shall be subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of merchandise on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the 20% Off Code not be distributed until 2013); (iii) one 20% Off Code per eligible Class Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International, or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

**2.2**    **Settlement Fund.** Defendants will pay $500,000 to establish the Settlement Fund, which will be used to distribute Settlement Payments as described below to Subclass Members that are Authorized Claimants. If the Court approves the Settlement of this Action, Defendants shall make their payments to the Settlement Fund within seven (7) days after the Final Settlement Date.

       **(a)**    **Settlement Payments to Subclass Members.** To be eligible for a Settlement Payment from the Settlement Fund, a Subclass Member must submit a Claim Form signed under penalty of perjury stating, among other things, that he/she did not knowingly authorize his/her enrollment in FreeShipping.com and did not take advantage of any of the benefits of FreeShipping.com. Additionally, only Subclass Members who were actually enrolled in FreeShipping.com and were charged fees are eligible to receive a Settlement Payment from the Settlement Fund. In addition, Subclass Members who used any of the benefits of FreeShipping.com are not eligible to receive a Settlement Payment from the Settlement Fund. No Subclass Member will be entitled to receive a Settlement Payment from the Settlement Fund to the extent he/she already received a full refund or chargeback of fees he/she paid or to the extent he/she was enrolled but was not charged any fees at all, but such Subclass Members are eligible for and will be provided the $15 Credit described in Section 2.3 of this Settlement Agreement. The Settlement Payment to be received by a Subclass Member that

is an Authorized Claimant shall be equal to the amount of fees that the Subclass Member paid to CMG for FreeShipping.com, less any partial refund or chargeback received for such fees, up to a maximum payment of $36.00. Depending upon the number of claims received and the dollar value of such claims, the Settlement Fund may be sufficient to pay all Authorized Claimants for the full amount of their claims. If the claims submitted exceed in dollar amount the amount of the Settlement Fund, Authorized Claimants' payments will be reduced on a pro-rated basis, such that the total number and dollar value of all Authorized Claimants' claims shall not exceed the amount of the Settlement Fund. If the Court approves the Settlement of this Action, Defendants, through the Claims Administrator, must mail the Settlement Payments from the Settlement Fund to Authorized Claimants within twenty-five (25) calendar days following the Final Settlement Date.

(b) **Remainder.** Any unclaimed portion of the Settlement Fund after distribution of Settlement Payments to Authorized Claimants and any returned Settlement Payments to Authorized Claimants will be paid to California Western School of Law with the payment specified to be used for a chair, professorship, fellowship, lectureship, seminar series, or similar funding, gift, or donation program developed and coordinated between Provide Commerce and California Western School of Law (depending on the amount of the remainder) regarding internet privacy or internet data security. If the Court approves the Settlement of this Action, Defendants, through the Claims Administrator, must mail or wire the payments from the Settlement Fund to the remainder recipient within sixty (60) calendar days following the Final Settlement Date.

2.3 **$15 Credit.** Provide Commerce agrees to provide each Subclass Member that is not an Authorized Claimant for a Settlement Payment from the Settlement Fund (as described above in Section 2.2.) with one $15 Credit. The $15 Credit shall be fully transferable and shall be valid only for an online merchandise order at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com. The $15 Credit will be distributed to all eligible Subclass Members by email (the email address to which Direct Email Notice was sent for all deliverable Direct Email Notices, or if undeliverable, and Direct Mail Notice is provided, the email address the Subclass Member provides to the Claims Administrator). The $15 Credit shall be subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of merchandise on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the $15 Credit not be distributed until 2013); (iii) one $15 Credit per eligible Subclass Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International, or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

2.4 **Named Plaintiffs' Incentive Awards.** Defendants agree not to oppose Named Plaintiffs' application for incentive awards of up to $5,000 each for plaintiffs Daniel Cox, Nicole Hall,

and Joseph Lynch (for a total of up to $15,000), with the incentive awards being subject to Court approval. Named Plaintiffs agree to not petition the Court for or otherwise seek more than $5,000 each (or more than $15,000 total) for incentive awards. A reduction by the Court or by an appellate court of the incentive awards sought by Named Plaintiffs shall not affect any of the Parties' rights and obligations under the Settlement Agreement. If the Court approves the Settlement of this Action and incentive awards to the Named Plaintiffs, Defendants agree to pay, through the Claims Administrator, the incentive awards approved by the Court up to the amounts specified above to Named Plaintiffs within fourteen (14) days after the Final Settlement Date.

**2.5 Class Counsel's Attorneys' Fees and Costs Award.** Defendants agree not to oppose Class Counsel's application for an attorneys' fees and costs award of up to, and not more than, $640,000 in fees and costs, with the award being subject to Court approval. Plaintiffs and Class Counsel agree not to apply for an attorneys' fees and costs award of more than $640,000. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), Class Counsel will file any papers supporting its application for attorneys' fees and costs with the Court fourteen (14) days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in Section 3.9 of this Settlement Agreement. A reduction by the Court or by an appellate court of Class Counsel's attorneys' fees and costs award shall not affect any of the Parties' other rights and obligations under the Settlement Agreement. Nothing in this Settlement Agreement shall prohibit Class Counsel from appealing any reduction of requested attorneys' fees and costs awarded by Court. Defendants agree to pay, through the Claims Administrator, Class Counsel's attorneys' fees and costs award approved by the Court up to $640,000 to one or more of the Class Counsel, as specified by Class Counsel, within fourteen (14) days after the Final Settlement Date.

**2.6 Claims Administration.** Defendants will pay all fees and costs incurred by the Claims Administrator for the administration of the Settlement, including, but not limited to: (i) preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this Action; (ii) communicating with and responding to Class Members; (iii) computing Settlement Payments from the Settlement Fund to Authorized Claimants; (iv) establishing or maintaining an account for the Settlement Fund; (v) distributing payments out of the Settlement Fund; and (vi) distributing payments for incentive awards approved by the Court to Named Plaintiffs and an attorneys' fees and costs award approved by the Court to Class Counsel.

3. **CLASS SETTLEMENT PROCEDURES**

**3.1 Cooperation to Obtain Court Approval.** The Parties will take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2 Preliminary Approval and Provisional Class Certification.** As soon as practicable after this Settlement Agreement is signed, Plaintiffs must move or apply for preliminary approval of the Settlement and provisional class certification. The motion or application must request the Court to:

    **(a)** preliminarily approve this Settlement Agreement as being the product of serious, informed, non-collusive negotiations, having no obvious deficiencies, not improperly granting preferential treatment to the proposed class

representatives or segments of the class, and falling within the range of possible approval;

**(b)**    preliminarily approve the form, manner, and content of the Full Notice, Summary Notice, and Claim Form described in Sections 3.3 and 3.6, and attached as **Exhibits B - D**;

**(c)**    set the date and time of the Fairness Hearing between one hundred forty-one (148) and one hundred sixty-two (162) calendar days after entry of the preliminary approval order, subject to the Court's availability;

**(d)**    provisionally certify the Class and the Subclass under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

**(e)**    stay all proceedings in the Action until the Court renders a final decision on approval of the Settlement;

**(f)**    appoint the Named Plaintiffs as Class Representatives for settlement purposes only; and

**(g)**    appoint the law firms of Patterson Law Group, APC, Baron & Budd, P.C., Faruqi & Faruqi, LLP, and Bursor & Fisher, P.A. as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be submitted to the Court in the form attached as **Exhibit A.**

**3.3    Notice.**    Subject to the Court granting Preliminary Approval of the Class Settlement and Provisional Class Certification, the Parties agree that Defendants, through their retained Claims Administrator, will provide the Class with notice of the proposed Settlement by the following methods.

**(a)    Internet Posting.**    Starting no later than sixty (60) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up an Internet website and post the Full Notice and Claim Form, both of which shall be downloadable.  The Full Notice must be in the form attached as **Exhibit B**. The Claim Form must be in the form attached as **Exhibit D**.  The website will be active for a period of one hundred twenty (120) consecutive calendar days. The website shall be designed and constructed to accept electronic Claim Form submission, and will also provide a mechanism to receive updated email addresses by mail and electronically through the Internet website from those Class Members that receive Summary Notice by U.S. mail as described below. The website domain name shall be non-inflammatory, shall not infringe upon any of Provide Commerce's or CMG's trade names or service marks, and is subject to the approval of each of the Parties, which approval shall not be unreasonably withheld.

**(b)    Summary Notice By Direct Email.**    Within sixty (60) calendar days after entry

of the Preliminary Approval Order, Defendants, through the Claims Administrator, will send Summary Notice by email to each Class Member for whom CMG has a facially valid email address, including persons who have indicated that they do not wish to be contacted by CMG. The Summary Notice sent by email must be in the form attached as **Exhibit C**, and will provide the URL of the Internet website containing the Full Notice and a U.S. postal mailing address for the Claims Administrator so that Class Members may request a paper copy of the Claim Form or Full Notice by U.S. mail. The email address from which the Summary Notice is sent shall be non-inflammatory, shall not infringe upon any of Provide Commerce's or CMG's trade names or service marks, and is subject to the approval of each of the Parties, which approval shall not be unreasonably withheld.

(c) **Summary Notice By Direct U.S. Mail.** Within seventy-four (74) calendar days after entry of the Preliminary Approval Order, Defendants, through the Claims Administrator, will send Summary Notice on a postcard by U.S. mail to all Class Members to whom Summary Notice by direct email was not deliverable and for whom CMG has a facially valid postal address, including persons that have previously indicated that they do not wish to be contacted by CMG. The Summary Notice sent by postcard must be in the form attached as **Exhibit C**, and will provide the URL of the Internet website containing the Full Notice and a U.S. postal mailing address for the Claims Administrator so that Class Members may request a paper copy of the Claim Form or Full Notice by U.S. mail.

3.4 **CAFA Notice.** Not later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants shall jointly serve upon the relevant government officials notice of the proposed Settlement in accordance with 28 U.S.C. § 1715.

3.5 **Proof of Notice.** No later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, Defendants must send by email a declaration from the Claims Administrator to Class Counsel confirming that Defendants, through the Claims Administrator, provided the Class with notice of the proposed Settlement in accordance with Section 3.3 of this Settlement Agreement.

3.6 **Claim Form.** To be entitled to receive a Settlement Payment from the Settlement Fund, Subclass Members must accurately complete a Claim Form, signed under penalty of perjury, and deliver that form to the Claims Administrator no later than sixty (60) calendar days after Defendants finish providing Direct Email Notice to the Class and Subclass through the Claims Administrator. The Claim Form must be in the form attached as **Exhibit D**, and must include certifications acknowledged by Subclass Members under penalty of perjury that at the time the Subclass Member was enrolled, he/she did not knowingly authorize his/her enrollment in FreeShipping.com for which he/she was charged and did not use any of the benefits of FreeShipping.com. The Claim Form may be submitted electronically or by U.S. mail. The electronic Claim Form on the webpage shall be programmed such that if the Claimant fails to fulfill any of the information or certification requirements before clicking on the "submit" button, the page will immediately display a conspicuous warning window or page in the middle of the screen informing the Claimant of such failure, specifying the deficiency, and explaining that failure to remedy the

deficiency will prevent submission of the Claim Form unless remedied. The Claims Administrator shall also take all reasonable actions to contact any Claimant who submits a deficient Claim Form on paper via U.S. Mail. The deficiency notice for a paper Claim Form shall expressly state which pieces of information or certifications must be completed or made for the claim to be deemed non-deficient. The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. mail as evidenced by the postmark, in the case of submission by U.S. mail, or by date of delivery, if sent by FedEx, UPS, or comparable courier, or (b) in the case of submission electronically through the Internet website for the Settlement, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Any Subclass Member who fails to submit a valid and timely Claim Form is not an Authorized Claimant and will not receive a Settlement Payment from the Settlement Fund.

      **3.7    Right to Verify.** The Claims Administrator will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request any missing information required on the Claim Form. The Claims Administrator will determine the validity of any claim, and as part of that determination, verify that, according to CMG's records, the information set forth in a submitted Claim Form is accurate and that the Claimant is a Subclass Member and is eligible to receive a Settlement Payment. The Claims Administrator may also contact Defendants to determine whether a Claimant is a Subclass Member and is eligible to receive a Settlement Payment. Defendants are also entitled, at their option, to review submitted Claim Forms.

      **3.8    Disputed Claims.** If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute. CMG's records will be entitled to a rebuttable presumption of accuracy.

      **3.9    Objections.** Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or the proposed Settlement or to the attorneys' fees and costs award requested by Class Counsel, must do so by filing a written objection with the Court and delivering a copy of the objection to Class Counsel and Defendants' Counsel no later than one hundred twenty (120) calendar days after entry of the Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Defendants' Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-H (RBB); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection, the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits that the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs. However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel and Defendants' Counsel, and only those Class Members who include such a statement may

speak at the Fairness Hearing. If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

**3.10 Exclusion Requests.** Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (i) the name of the Action, "*Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*"; (ii) the full name, address, and telephone number of the person requesting exclusion; and (iii) a statement that he/she does not wish to participate in the Settlement, postmarked no later than one hundred twenty (120) calendar days after entry of the Preliminary Approval Order.

    **(a)**     **Exclusion List.** Defendants must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment. Such list may be attached as an exhibit to the proof of notice declaration from the Claims Administrator addressed in Section 3.5 of this Settlement Agreement.

    **(b)**     **Blow-up Clause.** Despite this Settlement Agreement, if more than one thousand two hundred fifty (1,250) Class Members request exclusion, then either Provide Commerce or CMG may, in either's sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. If this Settlement Agreement is terminated under this section, it will be deemed null and void *ab initio*. In that event: (i) the Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**3.11 Fairness Hearing and Final Order and Judgment.** In connection with their motion or application for preliminary approval of the Settlement, Plaintiffs shall request that the Fairness Hearing be held between one hundred forty-eight (148) and one hundred sixty-two (162) calendar days after entry of the Preliminary Approval Order, subject to the Court's availability. Before the Fairness Hearing, Plaintiffs must move or apply for Court approval of a proposed Final Order and Judgment, which shall be submitted to the Court in the form attached as **Exhibit E**. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Class Counsel must also draft the application papers and give Defendants' Counsel drafts of the motion or application and proposed order to review at least seven (7) calendar days before the application's filing deadline. Defendants shall be permitted, but not required, to file their own joint or individual brief or statement of non-opposition in support of the motion or application for Final Order and Judgment.

**3.12 Action Status If Settlement Not Approved, Final Settlement Date Does Not Occur, or Settlement Fund Not Fully Funded.** This Settlement Agreement is being entered into for

settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement or Exhibits thereto (including the Summary Notice, Full Notice, or Claim Form) that are not acceptable to all Parties, if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*. In that event (a) the Preliminary Approval Order and all of its provisions or the Final Order and Judgment and all of its provisions, as applicable, will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class and the Subclass, conditional appointment of Plaintiffs as class representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel, (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding, and (d) Defendants shall retain all their rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**3.13    Distribution of 20% Off Code.**  If the Court approves the Settlement of this Action, Provide Commerce, through the Claims Administrator, must email the 20% Off Code to Class Members who are not Subclass Members within twenty-five (25) calendar days following the Final Settlement Date.

**3.14    Distribution of $15 Credit.**  If the Court approves the Settlement of this Action, Provide Commerce, through the Claims Administrator, must email the $15 Credit to each Subclass Member who is not an Authorized Claimant within twenty-five (25) calendar days following the Final Settlement Date.

4.    **DISMISSAL OF ACTION AND RELEASES**

**4.1    Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter judgment, the Final Order and Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.2    Class Members' Release.**  Upon entry of the Final Order and Judgment, Named Plaintiffs, all Class Members (which includes all Subclass Members) who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendants Provide Commerce and CMG, each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including,

but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to FreeShipping.com, (ii) the past or continued billing, debiting, or charging of fees associated with FreeShipping.com, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with FreeShipping.com (or any alleged failure to provide a copy of such authorization), and (iv) any and all claims for violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Electronic Funds Transfer Act, declaratory relief, conversion, negligence, invasion of the right to privacy under the California Constitution, invasion of privacy, violations of the Consumers Legal Remedies Act, violations of California's Unfair Competition Law, violations of California's Unfair Competition Law resulting from alleged violation of the Restore Online Shoppers Confidence Act, violations of the Connecticut Unfair Trade Practices Act, and violations of Michigan Compiled Laws § 600.2919a (the **"Released Claims"**).

With respect to the Released Claims, the Named Plaintiffs and all Class Members (which includes Subclass Members) who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Named Plaintiffs and all Class Members, including Subclass Members, fully understand that the facts in existence at the time this Settlement Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Named Plaintiffs, Class Members (which includes Subclass Members), and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiffs and the Class Members (which includes Subclass Members) agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

       **4.3    Named Plaintiffs' Release.** Upon entry of the Final Order and Judgment, Named Plaintiffs and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendants Provide Commerce and CMG, each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent as of the date the Parties execute this Settlement Agreement.

In addition, Named Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Named Plaintiffs fully understand that the facts in existence at the time this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiffs and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in fact. Further, Named Plaintiffs agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

5. **ADDITIONAL PROVISIONS**

5.1 **Defendants' Denial of Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims. Its provisions, and all related drafts, communications, and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

5.2 **Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

5.3 **Real Parties in Interest.** In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiffs in their individual capacity and representative capacity on behalf of the Class, are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

5.4 **Voluntary Agreement.** The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

5.5 **Binding on Successors.** This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

5.6 **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**5.7    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.9    Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.10    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12    Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**5.13    Governing Law.**  This Settlement Agreement is governed by California law and must be interpreted under California law and without regard to conflict of laws principles.

**5.14    Further Assurances.**  The Parties must execute and deliver any additional papers, documents, and other assurances, and must do any other acts reasonably necessary to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**5.15    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.16    Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

**5.17    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.  Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or PDF copies of executed copies of this Settlement Agreement may be treated as originals.

**5.18    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.19    Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, Named Plaintiffs, Provide Commerce, or CMG can terminate the Settlement Agreement without prejudice to any Party.

**5.20    Inadmissibility.**    This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction.   Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**5.21    No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.22    List of Exhibits.**  The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification

Exhibit B – Full Notice

Exhibit C – Summary Notice

Exhibit D – Claim Form

Exhibit E – [Proposed] Final Order Approving Class Action Settlement and Judgment

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated: September 25 2012     **PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated: September ___, 2012     **PLAINTIFF NICOLE HALL**

_____

Nicole Hall,
Individually and in her Representative Capacity

Dated: September ___, 2012     **PLAINTIFF JOSEPH LYNCH**

_____

Joseph Lynch,
Individually and in his Representative Capacity

Dated: September ___, 2012     **DEFENDANT PROVIDE COMMERCE, INC.**

_____

By:_____

Title:_____

On behalf of Provide Commerce, Inc.

Dated: September ___, 2012     **DEFENDANT CLARUS MARKETING GROUP, LLC**

_____

By:_____

Title:_____

On behalf of Clarus Marketing Group, LLC

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:     September ___, 2012          **PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:     September 20, 2012          **PLAINTIFF NICOLE HALL**

*Nicole Hall*
_____
Nicole Hall,
Individually and in her Representative Capacity

Dated:     September ___, 2012          **PLAINTIFF JOSEPH LYNCH**

_____

Joseph Lynch,
Individually and in his Representative Capacity

Dated:     September ___, 2012          **DEFENDANT PROVIDE COMMERCE, INC.**

_____

By:_____

Title:_____

On behalf of Provide Commerce, Inc.

Dated:     September ___, 2012          **DEFENDANT CLARUS MARKETING GROUP, LLC**

_____

By:_____

Title:_____

On behalf of Clarus Marketing Group, LLC

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated:  September ___, 2012       PLAINTIFF DANIEL COX

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:  September ___, 2012       PLAINTIFF NICOLE HALL

_____

Nicole Hall,
Individually and in her Representative Capacity

Dated:  ~~September ___, 2012~~   PLAINTIFF JOSEPH LYNCH
        OCTOBER 2,
        2012                      _Joseph Lynch_____

Joseph Lynch,
Individually and in his Representative Capacity

Dated:  September ___, 2012       DEFENDANT PROVIDE COMMERCE, INC.

_____

By:_____

Title:_____

On behalf of Provide Commerce, Inc.

Dated:  September ___, 2012       DEFENDANT CLARUS MARKETING GROUP, LLC

_____

By:_____

Title:_____

On behalf of Clarus Marketing Group, LLC

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:     September ___, 2012          **PLAINTIFF DANIEL COX**

_____
Daniel Cox,
Individually and in his Representative Capacity

Dated:     September ___, 2012          **PLAINTIFF NICOLE HALL**

_____
Nicole Hall,
Individually and in her Representative Capacity

Dated:     September ___, 2012          **PLAINTIFF JOSEPH LYNCH**

_____
Joseph Lynch,
Individually and in his Representative Capacity

Dated:     September **20**, 2012          **DEFENDANT PROVIDE COMMERCE, INC.**

_____
By: _BLAKE   T.   BILSTAD_____
Title: _SVP, General Counsel + Secretary___

On behalf of Provide Commerce, Inc.

Dated:     September ___, 2012          **DEFENDANT CLARUS MARKETING GROUP, LLC**

_____

By: _____

Title: _____

On behalf of Clarus Marketing Group, LLC

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:     September ___, 2012     **PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:     September ___, 2012     **PLAINTIFF NICOLE HALL**

_____

Nicole Hall,
Individually and in her Representative Capacity

Dated:     September ___, 2012     **PLAINTIFF JOSEPH LYNCH**

_____

Joseph Lynch,
Individually and in his Representative Capacity

Dated:     September ___, 2012     **DEFENDANT PROVIDE COMMERCE, INC.**

_____

By:_____

Title:_____

On behalf of Provide Commerce, Inc.

Dated:     September ___, 2012     **DEFENDANT CLARUS MARKETING GROUP, LLC**

By:_____Thomas M. Caporaso_____

Title:_____CEO_____

On behalf of Clarus Marketing Group, LLC

# EXHIBIT A

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

| | |
|---|---|
| DANIEL COX, JOSEPH M. LYNCH, and NICOLE HALL, on behalf of themselves and all others similarly situated, | Case No.  11-CV-2711-H (RBB) |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** |
| v. | |
| CLARUS MARKETING GROUP, LLC, a Connecticut corporation; PROVIDE COMMERCE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | Courtroom:  13<br>Judge:      Hon. Marilyn L. Huff |
| Defendants. | |

On _____, 2012, this Court considered plaintiffs Daniel Cox, Joseph Lynch, and Nicole Hall's (collectively "Plaintiffs") motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure.  This Court reviewed the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement").  Based on this review and the findings below, the Court finds good cause to grant the motion.

///

///

1.

**FINDINGS:**

**1.** The Settlement Agreement was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed representatives of the Class or segments of the Class, and falls within the range of possible approval;

**2.** The Full Notice, Summary Notice, and Claim Form (attached as Exhibits to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

**3.** The Class and Subclass are so numerous that joinder of all Class Members or Subclass Members is impracticable;

**4.** Plaintiffs' claims are typical of the Class and Subclass's claims;

**5.** There are questions of law and fact common to the Class and Subclass, which predominate over any questions affecting only individual Class or Subclass Members; and

**6.** Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**7.** Defendants Provide Commerce, Inc. ("Provide Commerce") and Clarus Marketing Group, LLC ("CMG") (Provide Commerce and CMG collectively, "Defendants") gave notice pursuant to 28 U.S.C. § 1715(b) on [insert: date].

**IT IS ORDERED THAT:**

**1.** **Settlement Approval.** The Settlement Agreement, including the Full Notice, Summary Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-D are preliminarily approved.

**2.** **Provision of Class Notice.** Defendants will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement with all costs associated with claims administration and providing notice to Class Members being paid by Defendants pursuant to Section 2.6 of the Settlement Agreement.

2.

**3.** **Claim for Settlement Payment.** Subclass Members who are eligible for and want to receive a Settlement Payment under Section 2.2(a) of the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than one hundred twenty (120) days after entry of this Preliminary Approval Order.

**4.** **Objection to Settlement.** Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver a written objection to Class Counsel and Defendants' Counsel, and must file such objection with the Court, no later than one hundred twenty (120) days after entry of this Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (1) a heading containing the name and case number of the Action: *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-H (RBB); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection, the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits that the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**5.** **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6.** **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator postmarked no later than one hundred twenty (120) days after entry of this Preliminary Approval Order stating: (a) the

3.

name of the Action, "*Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement.

**7.     Provisional Certification.**  The Class is provisionally certified as: "All persons who, between February 16, 2007 and the date of entry of the Preliminary Approval Order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com."  The Subclass is provisionally certified as: "All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll."  Excluded from the Class and the Subclass are (a) Provide Commerce and CMG, (b) any entities in which Provide Commerce or CMG have a controlling interest or which have a controlling interest in Provide Commerce or CMG, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or CMG, and (d) the Judges presiding over the Action and any of their employees or immediate family members.

**8.     Appointment of Class Representative and Class Counsel.**  Plaintiffs are each conditionally certified as Class Representatives to implement the Parties' proposed Settlement in accordance with the Settlement Agreement.  The law firms of Patterson Law Group, APC, Baron & Budd, P.C., Faruqi & Faruqi, LLP, and Bursor & Fisher, P.A. are appointed as Class Counsel. Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

**9.     Termination.**  If the Settlement Agreement terminates by its terms for any reason, including, but not limited to, if the Court does not approve the Settlement or enter the Final Order and Judgment or if the Final Settlement Date under the Settlement Agreement does not occur for any reason, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated, and therefore Plaintiffs will stop functioning as class representatives and Class Counsel will revert to their prior status; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement

4.

Agreement, including no class certification. This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.** **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.** **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**12.** **CAFA Notice.** Defendants have complied with 28 U.S.C. § 1715(b).

**13.** **Fairness Hearing.** On _____2012, at _____ [between one hundred forty-eight (148) and one hundred sixty-two (162) calendar days after entry of this Preliminary Approval Order, subject to the Court's availability], this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the settlement as set forth in Paragraph 4 above. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, Defendants will not be required to provide additional notice to Class Members.

DATED:_____          _____
                                                        Hon. Marilyn L. Huff
                                                        U.S. DISTRICT COURT JUDGE

758799 v3/SD

5.

# EXHIBIT B

**FULL NOTICE**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*
**Case No. 11-cv-2711-H (RBB)**
**United States District Court for the Southern District of California**

You are receiving this Notice to inform you of a proposed settlement of a class action lawsuit entitled *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-H (RBB), pending in the United States District Court for the Southern District of California (the "Action").

> **The proposed settlement ("Settlement") is on behalf of a nationwide class of persons (the "Class") defined as: All persons who, between February 16, 2007 and [insert: date of entry of the Preliminary Approval Order], placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com.**

> **The Settlement is also on behalf of a nationwide subclass of persons (the "Subclass") defined as: All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll.**

The Provide Commerce, Inc. websites include ProFlowers.com, RedEnvelope.com, CherryMoonFarms.com, SecretSpoon.com (formerly operated), and Berries.com (also known as Shari's Berries) (collectively the "Provide Commerce Websites"). Excluded from the Class are (a) Defendants Provide Commerce, Inc. ("Provide Commerce") and Clarus Marketing Group, LLC ("CMG") (collectively the "Defendants"), (b) any entities in which Provide Commerce or CMG have a controlling interest or which have a controlling interest in Provide Commerce or CMG, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or CMG, and (d) the Judges presiding over the Action and any of their employees or immediate family members. **The Settlement will resolve the Action in which it was alleged, among other things, that persons were enrolled in FreeShipping.com's Insider's Club or FreeShipping.com (collectively "FreeShipping.com"), were charged membership fees without their knowledge or consent, and did not receive an appropriate confirmation of their enrollment.**

The proposed Settlement will provide benefits to the Class and Subclass as described more fully below. The benefit that will be provided to Class Members who are not Subclass Members will be provided without any action required by those Class Members. One of the benefits available to certain eligible Subclass Members is available only through the claims process described below. But the other benefit is available to all Subclass Members and will be provided without any action required by Subclass Members.

**The Court has granted preliminary approval of the Settlement, and a hearing on the fairness of the proposed Settlement has been set for _____, 2012 at _____ before the Honorable Marilyn L. Huff in Courtroom 13 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900.** At that time, the Court will determine whether the Settlement is fair, reasonable, and adequate, and will also consider the request of Class Counsel for attorneys' fees and costs, incentive awards for the class representatives, and any objections. This Notice explains the nature of the Action and provides a summary of the proposed Settlement, your rights, obligations, and options under the proposed Settlement, all of which are further explained below. **You should read this Notice carefully because it will affect your legal rights and obligations regardless of whether you take any action.**

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**1. What is this Notice and why should I read it?**

This Notice is to inform you of a proposed Settlement of a class action lawsuit entitled *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-H (RBB), which is referred to in this Notice as the

"Action." This Notice provides a summary of the proposed Settlement and the benefits available to Class and Subclass Members. This Notice also provides Class and Subclass Members with an explanation of their rights, obligations, and options under the proposed Settlement and the deadlines within which to exercise them.

## 2. What is a class action lawsuit and what is this Action about?

A class action lawsuit is a legal action in which one or more people seek to represent a large group of people called the "class." The purpose of a class action lawsuit is to resolve at one time all of the similar legal claims of the members of the group. Here, the Named Plaintiffs in the Action alleged that they and other persons were enrolled in FreeShipping.com without their knowledge or consent after placing an order for merchandise with a Provide Commerce Website and did not receive an appropriate confirmation of their enrollment. The Named Plaintiffs have asserted various legal claims, including claims for conversion, declaratory relief, negligence, invasion of the right to privacy under the California Constitution, invasion of privacy, and for violations of the Racketeer Influenced and Corrupt Organizations Act, the Electronic Funds Transfer Act, the Consumers Legal Remedies Act, California's Unfair Competition Law, the Connecticut Unfair Trade Practices Act, and Michigan Compiled Laws § 600.2919a. Defendants deny any wrongdoing or liability whatsoever, and no court or other entity has made any judgment or other determination of liability or the merits of the Named Plaintiffs' allegations.

## 3. Why is there a proposed Settlement?

The Court has not decided in favor of either side in the case. The Named Plaintiffs believe their claims have merit. Defendants deny all allegations of wrongdoing or liability against them whatsoever and further contend that their conduct was lawful at all times. Defendants are settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the interferences with and disruption to ongoing business operations that are associated with litigation. Plaintiffs and their attorneys believe that the proposed Settlement is in the best interest of the Class because it provides an appropriate recovery for Class and Subclass Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

The proposed Settlement was reached after several months of negotiations, including a mediation session before an impartial mediator.

## 4. Who is included in the proposed Settlement?

By Order dated _____, 2012, the Court provisionally certified this case as a class action for purposes of effectuating the proposed Settlement with the Class defined as: All persons who, between February 16, 2007 and [insert: date of entry of the Preliminary Approval Order], placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com. The Court also certified a Subclass, consisting of: All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll. Excluded from the Class and the Subclass are (a) Provide Commerce and CMG, (b) any entities in which Provide Commerce or CMG have a controlling interest or which have a controlling interest in Provide Commerce or CMG, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or CMG, and (d) the Judges presiding over the Lawsuit and any of their employees or immediate family members.

## 5. What benefits does the proposed Settlement provide and what are my options?

The Settlement provides certain benefits to Class Members and certain other benefits to Subclass Members.

The Class is defined as: All persons who, between February 16, 2007 and [insert: date of entry of the Preliminary Approval Order], placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com.

The Subclass is defined as: All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll.

### *Class Members*

As part of the proposed Settlement, all Class Members who are not Subclass Members will automatically be sent by email one fully transferable code good for 20% off a merchandise order placed online at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com ("20% Off Code").

If the Settlement is approved by the Court, and you are a Class Member who is not a Subclass Member, you will automatically be sent by email the 20% Off Code. No further action is required on your part to obtain this benefit, unless you received a notice on a postcard by U.S. Mail, in which case you must provide a valid email address to the Claims Administrator in order to be sent the 20% Off Code by email. The 20% Off Code will not be sent until after the Court approves the proposed Settlement with the timing more fully described in the Settlement Agreement. The 20% Off Code is subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of merchandise on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the 20% Off Code not be distributed until 2013); (iii) one 20% Off Code per eligible Class Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International, or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

### *Subclass Members*

As part of the proposed Settlement, Subclass Members may be eligible for a monetary benefit if Subclass Members meet certain eligibility requirements (as further described below). All Subclass Members that are not eligible for a monetary benefit will automatically be sent by email one fully transferable code good for $15 off a merchandise order valid only for online purchases at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com ("$15 Credit").

Defendants will collectively pay a total of $500,000 ("Settlement Fund") to be distributed to eligible Subclass Members. If you are a member of the Subclass, you may be eligible for a payment from the Settlement Fund. To be eligible for this potential benefit, a Subclass Member must submit a Claim Form signed under penalty of perjury stating, among other things, that he/she did not knowingly authorize his/her enrollment in FreeShipping.com and did not take advantage of any of the benefits of FreeShipping.com. Only Subclass Members who were actually enrolled in FreeShipping.com and were charged fees are eligible to receive a payment from the Settlement Fund. Some Subclass Members enrolled in FreeShipping.com but were not charged any fees at all. This could have occurred for a variety of reasons, including that their credit card was not accepted or that they cancelled their membership before the expiration of the free trial period. Subclass Members who were not charged any fees will not be entitled to a payment, but will automatically receive the $15 Credit. Next, Subclass Members who used any of the benefits of FreeShipping.com are not eligible to receive a payment. Further, no Subclass Member will be entitled to receive a payment to the extent he/she already received a full refund of fees charged. Some Subclass Members cancelled their memberships and received a full or partial refund of their monthly membership fees. Other members received a full or partial refund through a chargeback, which is a bank-initiated reversal or return of charges or transfers of funds from the individual's credit card or bank account. No member will be entitled to receive a payment to the extent he/she already received a full refund or chargeback of fees he/she paid for FreeShipping.com.

Depending on the number and value of claims received, the payment to be received by an eligible Subclass Member will be equal to the amount of fees that the Subclass Member paid for FreeShipping.com,

less any partial refund or chargeback received for such fees, up to a maximum payment of $36.00. The Settlement Fund may be sufficient to pay the full amount of all claims. If the value of claims submitted exceed in dollar amount the amount of the Settlement Fund, eligible Subclass Members' payments will be reduced on a pro-rated basis. Payments to eligible Subclass Members will not be sent until after the Court approves the proposed Settlement with the timing more fully described in the Settlement Agreement

To the extent the claims submitted do not exceed in dollar amount the amount of the Settlement Fund, or any payments mailed are returned to the Claims Administrator as undeliverable, any unclaimed portion of the Settlement Fund will be paid to California Western School of Law with the payment specified to be used for a chair, professorship, fellowship, lectureship, seminar series, or similar funding, gift, or donation program developed and coordinated between Provide Commerce and California Western School of Law (depending on the amount of the remainder) regarding internet privacy or internet data security.

Enrollment in FreeShipping.com, eligibility for a payment, the amount of fees paid and not previously refunded, and all information provided in the Claim Form will be subject to verification through CMG's records by the Claims Administrator, and those records will have a rebuttable presumption of accuracy. Defendants are also entitled, at their option, to review submitted Claim Forms. You may submit a Claim Form by mail or electronically by going to the homepage at www._____.com and following the instructions provided on the website. You can also obtain a Claim Form by writing to the Claims Administrator at: _____. **Your Claim Form must be completed and submitted by _____ to be eligible for this potential benefit.** The submission date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or by date of delivery if sent by FedEx, UPS, or comparable courier, or (b) in the case of submission electronically through the Settlement website, the date the Claims Administrator receives the Claim Form as evidenced by the transmission receipt.

All Subclass Members that are not eligible for a monetary benefit (including those that may potentially be eligible or qualify for the monetary benefit, but fail or choose not to submit a Claim Form) will automatically be sent by email the $15 Credit. If the Settlement is approved by the Court, and you are a Subclass Member that will receive the $15 Credit, you will automatically be sent by email the $15 Credit. No further action is required on your part to obtain this benefit, unless you received a notice on a postcard by U.S. Mail, in which case you must provide a valid email address to the Claims Administrator in order to be sent the $15 Credit by email. The $15 Credit will not be sent until after the Court approves the proposed Settlement with the timing more fully described in the Settlement Agreement. The $15 Credit is subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of merchandise on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the $15 Credit not be distributed until 2013); (iii) one $15 Credit per eligible Subclass Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International, or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

If the Settlement is approved by the Court, Defendants will also separately pay for (i) all fees and costs incurred by the Claims Administrator for the administration of the Settlement, including, but not limited to, preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this action, communicating with and responding to Class Members, computing Settlement Payments from the Settlement Fund to eligible Subclass Members that have made valid claims, establishing or maintaining an account for the Settlement Fund, and distributing payments out of the Settlement Fund, (ii) Named Plaintiffs' incentive awards of up to $5,000 each for plaintiffs Cox, Lynch, and Hall, and (iii) Class Counsel's attorneys' fees and costs award of up to, and not more than, $640,000 in fees and costs.

**6. Who represents the proposed Settlement Class?**

The Court has approved the appointment of the following lawyers and law firms ("Class Counsel") as counsel for the Class Members:

| | |
|---|---|
| James R. Patterson | Bruce W. Steckler |
| PATTERSON LAW GROUP, APC | BARON & BUDD PC |
| 402 West Broadway, 29th Floor | 3102 Oak Lawn Avenue, Suite 1100 |
| San Diego, California 92101 | Dallas, Texas 75219 |
| | |
| David Bower | L. Timothy Fisher |
| FARUQI & FARUQI, LLP | BURSOR & FISHER, P.A. |
| 1901 Avenue of the Stars, 2nd Floor | 1990 North California Blvd, Suite 940 |
| Los Angeles, CA 90067 | Walnut Creek, CA 94596 |

From the beginning of the case in 2011 to the present, Class Counsel has not received any payment for their services in prosecuting this case or in obtaining this proposed Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and costs in a total amount of up to, and not more than, $640,000 in fees and costs to be paid by Defendants. Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and costs up to this amount. If the Court approves Class Counsel's motion or application for fees and costs, it will be paid by Defendants. Class Members will not have to pay anything toward the fees or costs of Class Counsel. You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the Settlement on behalf of the Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

**7. How can I exclude myself from the Settlement Class?**

Any Class Member (including Subclass Members) has the right to be excluded from the Class by written request. If you wish to be excluded from the Class, you must send a letter or postcard to the Claims Administrator stating: (a) the name of the Action, "*Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*"; (b) your full name, address, and telephone number; and (c) a statement that you do not wish to participate in the Settlement. **A Class Member's exclusion request must be postmarked no later than _____, 2012 and sent to the Claims Administrator at the following address: _____.**

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above or that is not timely postmarked will not be valid, and the person requesting exclusion will be considered a member of the Class and be bound by the Settlement as a Class Member (or Subclass Member).

If you properly and timely request to exclude yourself from the Class, you will not have any rights as a member of the Class pursuant to the proposed Settlement, will not receive any of the proposed Settlement's benefits described in this Notice, will not be bound by any further orders or the judgment entered in the Action, and will remain able to pursue any claims alleged in the Action against Defendants on your own, at your own expense, and with your own counsel. If you proceed on an individual basis after excluding yourself from the Class, you may receive more, or less, of a benefit than you would otherwise receive under this proposed Settlement, or no benefit at all.

**8. How can I object to the Settlement?**

If you do not exclude yourself from the Class, you can comment in opposition to the Settlement, which is known as an objection, and you have the right to appear before the Court to express your opposition. **Your written objection in opposition to the Settlement must be submitted in writing and filed with the Court by _____, 2012.** The address for the Clerk of the Court is as follows: Office of the Clerk, U.S. District Court for the Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101-8900.

You must also send copies of your written objection in opposition to the Settlement to the attorneys for the parties at the following addresses:

**Class Counsel:**
James R. Patterson
PATTERSON LAW GROUP, APC
402 West Broadway, 29th Floor
San Diego, California 92101

**Counsel for Provide Commerce and CMG:**
Michael G. Rhodes
Leo P. Norton
COOLEY LLP
4401 Eastgate Mall
San Diego, California 92121-9109

To be valid and considered by the Court, any such written objection must include the following information: (1) a heading referring to *Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*, Case No. 11-cv-2711-H (RBB); (2) your name, email address, postal address, and telephone number; (3) a detailed statement of each objection you are making, the factual and legal basis for each objection, and the relief that you are requesting; (4) a list of and copies of all documents or other exhibits that you may seek to use at the Fairness Hearing; and (5) a statement of whether you intend to appear, either in person or through counsel, at the Fairness Hearing. You may, but need not, file and serve your objection through counsel of your choice, and you may appear at the Fairness Hearing either in person or through personal counsel hired at your expense. If you do make your objection or appearance at the Fairness Hearing through an attorney, you will be responsible for your personal attorney's fees and costs. Also, if you intend to appear at the Fairness Hearing through personal counsel hired at your expense, you must identify the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted in your written objection. Any Points and Authorities submitted in support of your written objection must contain any and all legal authority upon which you will rely.

If you do not submit a written objection to the proposed Settlement or the motion or application of Class Counsel for Named Plaintiffs' incentive awards and Class Counsel's attorneys' fees and costs in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described above, and you do not exclude yourself from the Class, you will be deemed to have consented to the Court's certification of and jurisdiction over the Class, and to have released the claims at issue against Defendants as explained below and will otherwise be bound by the proposed Settlement.

**9. When and where is the Fairness Hearing?**

**The Fairness Hearing has been set for _____, 2012 at _____ before the Honorable Marilyn L. Huff in Courtroom 13 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900.** The Court will hear any comments from the parties or objections concerning the fairness of the proposed Settlement at the Fairness Hearing, including the amount requested by Class Counsel for Named Plaintiffs' incentive awards and Class Counsel's attorneys' fees and costs.

You **do not** need to attend the Fairness Hearing to remain a Class Member (or Subclass Member) or to obtain any benefits under the proposed Settlement. You or your own personal attorney may attend the hearing if you wish, at your own expense. You do not need to attend this hearing to have a properly filed and served written objection as described in Section 8 to be considered by the Court.

**10. What is the effect of final Settlement approval?**

If the Court approves the proposed Settlement after the Fairness Hearing, it will enter a judgment dismissing the Action with prejudice and releasing all related legal claims against the Defendants and parties related to them (the "Released Parties") based on the allegations in the Action. This means that Class Members (including Subclass Members) will be forever barred from bringing, continuing, or being part of any other lawsuit based on their enrollment or membership in FreeShipping.com, any charges or fees incurred for membership in FreeShipping.com, or any of the allegations in the Action. If you do not exclude yourself from the Class, the proposed Settlement will be your sole mechanism for obtaining any relief and you will be barred from suing Provide Commerce or CMG in an effort to obtain additional payments or relief. If you are a Class Member (including a Subclass Member) and do not want to be barred from bringing, continuing, or being part of such a lawsuit, you must exclude yourself from the Class and the proposed Settlement through the procedures outlined above in Section 7.

Named Plaintiffs and all Class Members (which includes all Subclass Members) who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendants Provide Commerce, Inc. and Clarus Marketing Group, LLC, and each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to FreeShipping.com, (ii) the past or continued billing, debiting, or charging of fees associated with FreeShipping.com, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with FreeShipping.com (or any alleged failure to provide a copy of such authorization), and (iv) any and all claims for violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Electronic Funds Transfer Act, declaratory relief, conversion, negligence, invasion of the right to privacy under the California Constitution, invasion of privacy, violations of the Consumers Legal Remedies Act, violations of California's Unfair Competition Law, violations of California's Unfair Competition Law resulting from alleged violation of the Restore Online Shoppers Confidence Act, violations of the Connecticut Unfair Trade Practices Act, and violations of Michigan Compiled Laws § 600.2919a (the "Released Claims").

With respect to the Released Claims, the Named Plaintiffs and all Class Members (which includes Subclass Members) who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Named Plaintiffs and all Class Members, including Subclass Members, fully understand that the facts in existence at the time this Settlement Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Named Plaintiffs, Class Members (which includes Subclass Members), and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiffs and the Class Members (which includes Subclass Members) agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

**If the proposed Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.  There can be no assurance that, if the Settlement is not approved and the case resumes, Class Members (or Subclass Members) will recover more than what is provided for under the Settlement, or will recover anything at all.**

**11.  Where can I get more information about the proposed Settlement?**

This Notice provides only a summary of the matters relating to the Settlement.  More detailed information is provided in the Settlement Agreement.  You can view the Settlement Agreement and obtain more information about the Settlement at www._____.com.  In order to see the complete case file, including the Settlement Agreement and all other pleadings and papers filed in the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the Edward J. Schwartz U.S. Courthouse located at 940 Front Street, San Diego, California 92101-8900, (619) 557-5600.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense, but will not address any questions about the proposed Settlement or the Action.

**PLEASE DO <u>NOT</u> CONTACT THE COURT (INCLUDING THE CLERK OF THE COURT OR THE JUDGE), PROVIDE COMMERCE, INC., CLARUS MARKETING GROUP, LLC, OR FREESHIPPING.COM WITH QUESTIONS ABOUT THE SETTLEMENT, ANY OF THE BENEFITS PROVIDED UNDER THE SETTLEMENT, OR THE ACTION**

**PLEASE ADDRESS ANY FURTHER CONTACT TO THE CLAIMS ADMINISTRATOR AT**

*Shipping Membership Program Settlement* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]
EMAIL: [EMAIL ADDRESS]

Dated: _____, 2012     By: Order of the United States District Court for the Southern District of California
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT C

**SUMMARY NOTICE**

**IF YOU PLACED AN ORDER FOR MERCHANDISE ON A WEBSITE OPERATED BY PROVIDE COMMERCE, INC. BETWEEN FEBRUARY 16, 2007 AND [INSERT: DATE OF ENTRY OF THE PRELIMINARY APPROVAL ORDER], AND WERE SUBSEQUENTLY ENROLLED IN FREESHIPPING.COM'S INSIDER'S CLUB OR FREESHIPPING.COM, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT TITLED *DANIEL COX, ET AL. V. CLARUS MARKETING GROUP, LLC, ET AL.*, PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 11-CV-2711-H (RBB). A PROPOSED SETTLEMENT OF THIS NATIONWIDE CLASS ACTION HAS BEEN REACHED. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

**The Court has granted preliminary approval of the Settlement and set a hearing on the fairness of the proposed Settlement for _____, 2012 at _____ before the Honorable Marilyn L. Huff in Courtroom 13 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900.** At that time, the Court will determine whether the Settlement is fair, reasonable, and adequate, and will also consider the request of Class Counsel for attorneys' fees and costs and incentive awards for the class representatives, as well as any objections. As part of the proposed Settlement, all Class Members who are not Subclass Members will automatically be sent by email one transferable 20% Off Code valid only for online orders of merchandise at certain Provide Commerce, Inc. websites (with certain other limitations described in the Full Notice). No further action is required by eligible Class Members to obtain this 20% Off Code. Subclass Members may be eligible for a monetary benefit if Subclass Members meet certain eligibility requirements and submit a Claim Form signed under penalty of perjury. More detailed information about the nature of and eligibility for this potential benefit is set forth in the Full Notice. All Subclass Members who are not eligible for a monetary benefit will automatically be sent by email one transferable $15 Off Code valid only for online orders of merchandise at certain Provide Commerce, Inc. websites (with certain other limitations described in the Full Notice). No further action is required by such Subclass Members to receive this $15 Off Credit. You can view and download the Full Notice of the proposed Settlement, a copy of the Claim Form, and obtain other information at the Claims Administrator's website: www._____.com. You may also request a copy of the Full Notice and a Claim Form from the Claims Administrator by mail:

*Shipping Membership Program Settlement* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

You have until **[one hundred twenty (120) calendar days after entry of the Preliminary Approval Order]** to exclude yourself from the Class or to object to the Settlement, as well as to submit a Claim Form. You will be deemed part of the Class and to have released Clarus Marketing Group, LLC and Provide Commerce, Inc. from all claims as described in the Full Notice and Settlement Agreement if you do not request to be excluded from the Settlement before [one hundred twenty (120) calendar days after entry of the Preliminary Approval Order].

# EXHIBIT D

## CLAIM FORM

# CLAIM FORM

*Daniel Cox, et al. v. Clarus Marketing Group, LLC, et al.*
**Case No. 11-cv-2711-H (RBB)**
**United States District Court for the Southern District of California**

**INSTRUCTIONS**: You must fill out this Claim Form completely and accurately. If you fail to provide all of the information required in this Claim Form, your claim may be rejected or delayed. For purposes of this Claim Form, the term "FreeShipping.com" includes both FreeShipping.com's Insider's Club and FreeShipping.com. **YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [ONE HUNDRED TWENTY (120) DAYS AFTER ENTRY OF THE PRELIMINARY APPROVAL ORDER].** *By submitting this Claim Form, you will be included as a member of the Class and Subclass identified in the Full Notice, and thereby will be releasing Provide Commerce, Inc. and Clarus Marketing Group, LLC from all claims as provided in the Settlement Agreement and this Claim Form. If you also submit a request for exclusion from the Class and Settlement in addition to this Claim Form, the request for exclusion will be deemed invalid.*

1.     **Contact Information:**

    Please legibly print or type the following information:

    _____

    First Name          Last Name

    _____ ____

    Current Street Address

    _____ ____     _____

    City               State     Zip       Phone Number

    Current Email Address(es): _____   _____

                               _____   _____

    If you resided at a prior address or used a different email address at any time from April 1, 2009 to the present, and you believe your prior contact information may have been used at the time of your enrollment, please list all such addresses and the approximate dates you resided there:

        Address:_____     Dates of residence: _____
                 _____
                 _____

        Address:_____     Dates of residence: _____
                 _____
                 _____

        (attach additional pages if necessary)

        Other Email Address(es)

                 _____   _____

                 _____   _____

        (attach additional pages if necessary)

2.    **Required Certifications (THE FAILURE TO CLICK BOTH CERTIFICATIONS WILL RESULT IN DENIAL OF YOUR MONETARY CLAIM):**

Check each of the following two statements to certify that both are applicable to you, as well as true and correct:

☐    To the best of my knowledge, information and belief, I did not knowingly agree to enroll in FreeShipping.com.

☐    I did not use any benefit of FreeShipping.com

*Defendants Provide Commerce, Inc. and Clarus Marketing Group, LLC may verify the accuracy of your claim.*

3.    **Release:**

On behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I release and forever discharge defendants Provide Commerce, Inc. and Clarus Marketing Group, LLC, and each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which I have or may have arising out of or relating to any of the acts, omissions, or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to FreeShipping.com, (ii) the past or continued billing, debiting, or charging of fees associated with FreeShipping.com, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with FreeShipping.com (or any alleged failure to provide a copy of such authorization), and (iv) any and all claims for violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Electronic Funds Transfer Act, declaratory relief, conversion, negligence, invasion of the right to privacy under the California Constitution, invasion of privacy, violations of the Consumers Legal Remedies Act, violations of California's Unfair Competition Law, violations of UCL resulting from alleged violation of the Restore Online Shoppers Confidence Act, violations of the Connecticut Unfair Trade Practices Act, and violations of Michigan Compiled Laws § 600.2919a (the "Released Claims").

With respect to the Released Claims, on behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

4.    **Required Declaration:**

**I agree that by submitting this Claim Form I hereby declare and state under the penalty of perjury of the laws of the United States of America that all of the forgoing is true and correct to the best of my knowledge. Entering my name and email address in the fields below and clicking "Submit" below constitutes my electronic signature on the date of its submission and my acknowledgment that I am intentionally submitting a claim in accordance with the foregoing terms and those terms specified in the Full Notice and Settlement Agreement.**

Name: _____    Email: _____

IF SUBMITTED BY U.S. MAIL:

**I hereby declare and state under penalty of perjury under the laws of the United States of America that all of the forgoing is true and correct to the best of my knowledge. My signature below constitutes my acknowledgment that I am intentionally submitting a claim in accordance with the foregoing terms and those terms specified in the Full Notice and Settlement Agreement.**

Dated:_____          Signature: _____

# EXHIBIT E

**[PROPOSED] FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND JUDGMENT**

758670 v4/SD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL COX, JOSEPH M. LYNCH, and NICOLE HALL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CLARUS MARKETING GROUP, LLC, a Connecticut corporation; PROVIDE COMMERCE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.  11-CV-2711-H (RBB) <br><br> **[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** <br><br> Courtroom:  13 <br> Judge:        Hon. Marilyn L. Huff |

On _____, 2012, this Court heard plaintiffs Daniel Cox, Joseph Lynch, and Nicole Hall's (collectively "Plaintiffs") motion for final approval of the proposed class action settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsels' arguments.  Based on this review and the findings below, the Court finds good cause to grant the motion.

/ / /

/ / /

**FINDINGS:**

**1.** The Settlement Agreement is fair, reasonable, and adequate.

**2.** The parties adequately performed their obligations under the Settlement Agreement.

**3.** Defendants Provide Commerce, Inc. ("Provide Commerce") and Clarus Marketing Group, LLC ("CMG") (Provide Commerce and CMG collectively, "Defendants") provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the Fairness Hearing.

**4.** An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

**5.** An incentive award of $_____ each to plaintiffs Daniel Cox, Joseph Lynch, and Nicole Hall is fair and reasonable in light of: (a) Plaintiffs' respective risks (including financial, professional, and emotional) in commencing this action as the Class Representatives; (b) the time and effort spent by the respective Plaintiffs in litigating this action as the representatives of the Class; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

**1.** **Class.** The Class is defined as:

> All persons who, between February 16, 2007 and the date of entry of the Preliminary Approval Order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com. Excluded from the Class are (a) Provide Commerce and CMG, (b) any entities in which Provide Commerce or CMG have a controlling interest or which have a controlling interest in Provide Commerce or CMG, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide

2.

Commerce or CMG, and (d) the Judges presiding over the Action and any of their employees or immediate family members.

2. **Subclass.** The Subclass is defined as:

All persons who, between April 1, 2009 and December 13, 2009, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled in FreeShipping.com's Insider's Club or FreeShipping.com by entering his or her email address and zip code (as opposed to additional contact and billing information) to enroll. Excluded from the Subclass are (a) Provide Commerce and CMG, (b) any entities in which Provide Commerce or CMG have a controlling interest or which have a controlling interest in Provide Commerce or CMG, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or CMG, and (d) the Judges presiding over the Action and any of their employees or immediate family members.

3. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members (including Subclass Members), including those who did not properly request exclusion under Paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. This order does not bind persons who filed timely and valid Requests for Exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

4. **Release.** Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendants from all claims arising out of or asserted in this action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 4.2 and 4.3 of the Settlement Agreement.

5. **20% Off Code.** Provide Commerce will provide one 20% Off Code by email to each Class Member who is not a Subclass Member as set forth in Sections 2.1 and 3.13 of the Settlement Agreement no later than twenty-five (25) calendar days after the Final Settlement Date, which is defined under Section 1.13 of the Settlement Agreement.

6. **$15 Credit.** Provide Commerce will provide one $15 Credit by email to each Subclass Member who is not an Authorized Claimant for a Settlement Payment from the

3.

Settlement Fund as set forth in Sections 2.3 and 3.14 of the Settlement Agreement no later than twenty-five (25) calendar days after the Final Settlement Date, which is defined under Section 1.13 of the Settlement Agreement.

**7.      Settlement Fund.**  Defendants will pay a total of $500,000 to establish the Settlement Fund according to the timeline set forth under Section 2.2 of the Settlement Agreement.

**8.      Attorney's Fees and Costs.**  Class Counsel is awarded $_____ in fees and costs.  Defendants, through the Claims Administrator, must pay Class Counsel this amount according to the timeline set forth in Section 2.5 of the Settlement Agreement.

**9.      Calculation of Attorneys' Fees.**  The Court used the _____ method to calculate the attorneys' fees award.  [Using the lodestar method, the Court finds that Class Counsel's hours and expenses were reasonable.  The Court has considered the appropriate factors to determine that a multiplier is/is not appropriate. ] [The Court calculates a multiplier of __.__ by dividing the total award ($_____) by the lodestar figure ($_____).] [The Court did/did not cross-check these calculations.] [The awarded attorneys' fees reflect approximately (_____)% of the settlement value, calculated by dividing the total fee award ($_____) by the settlement value (_____) made available to the Class as a result of the Settlement Agreement.]

**10.     Incentive Awards.**  Plaintiffs Daniel Cox, Joseph Lynch, and Nicole Hall are each awarded $_____ as an incentive award.  Defendants, through the Claims Administrator, must pay Plaintiffs these amounts according to the timeline set forth in Section 2.4 of the Settlement Agreement.

**11.     Settlement Payments.**  Defendants, through the Claims Administrator, must make Settlement Payments from the Settlement Fund to Authorized Claimants according to Section 2.2(a) of the Settlement Agreement by mailing Settlement Payments to Authorized Claimants no later than twenty-five (25) calendar days after the Final Settlement Date, which is defined under Section 1.13 of the Settlement Agreement.

**12.     Remainder.**  Any unclaimed portion of the Settlement Fund after mailing of

4.

Settlement Payments to Authorized Claimants and after any mailed Settlements are returned to the Claims Administrator as undeliverable must be paid to California Western School of Law with the payment specified to be used for a chair, professorship, fellowship, lectureship, seminar series, or similar funding, gift, or donation program developed and coordinated between Provide Commerce and California Western School of Law (depending on the amount of the remainder) regarding internet privacy or internet data security. Defendants, through the Claims Administrator, must mail or wire the payments from the Settlement Fund according to the timeline set forth in Section 2.2(b) of the Settlement Agreement.

**13. Dismissal of Action.** This action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice. The Clerk of the Court is hereby instructed to close the file for this action.

**14. Court's Jurisdiction.** Pursuant to the parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

DATED:_____        _____
                                      Hon. Marilyn L. Huff
                                      UNITED STATES DISTRICT COURT JUDGE


758802 v4/SD